**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>Charles Teryek</u>


     v.                                     Civil No. 05-cv-404-PB

<u>Superintendent, Carroll County</u>
<u>Department of Corrections</u>


**O R D E R**

    *Pro se* petitioner Charles Teryek has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his incarceration pursuant to a state court order of civil contempt (document no. 1).  The petition is before me for preliminary review.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Proceedings ("Habeas Rules") (requiring initial review to determine whether the petition is facially valid and may be served); United States District Court for the District of New Hampshire Local Rules 4.3(d)(authorizing the magistrate judge to preliminarily review *pro se* pleadings).  For the reasons stated below, I order Teryek to amend his petition to demonstrate exhaustion of state remedies.

**Background**

This action stems from underlying state court civil proceedings brought against Charles Teryek and his wife, Mary, for alleged violations under New Hampshire Rev. Stat. Ann. 236:112(1)(defining "junkyard").  See Knight, et al. v. Teryek, et al., No. 03-E-057 (N.H. Super. Sept. 23, 2004).  Teryek is sixty-four years old and a resident of the Town of Wolfeboro ("Town").  In 2004, he entered into a contract with the Town to provide services for trash collection and removal.  Since January 14, 2005, he has been incarcerated at the Carroll County Department of Corrections ("CCDOC") upon a finding of civil contempt for failure to comply with a state court order, requiring him to remove certain material or junk from his residence.[1]

On September 18, 2003 and February 1, 2004, the New Hampshire Superior Court (Carroll County) ordered Teryek to remove certain material from his residence.  Mary Teryek filed a Request for Court to Modify Order and Appoint Counsel on

_____

[1]While Teryek challenges his incarceration since January 14, 2005, a superior court order of September 23, 2004 suggests that has been incarcerated for civil contempt as early as September 2004.  See Knight, et al. v. Teryek, et al., No. 03-E-057 (N.H. Super. Sept. 23, 2004).

September 20, 2004, claiming that while she had made considerable
progress in attempting to remove 100 truckloads of material from
the residence, she was unable to fully comply with the court's
orders.  She further claimed that during her husband's
incarceration, she had attempted to fulfill the terms of his
contract with the Town and comply with the court's orders but was
unable to fully comply.  She requested the court to modify its
order on four grounds: (1) to release Teryek from custody so that
he could perform the conditions required by the court; (2) to
amend the clean-up order to enable him to comply; (3) to permit
materials on the property to be sold; and (4) to appoint counsel.
On September 23, 2004, the superior court conducted a hearing on
Teryek's request and ordered him released from the CCDOC on
September 24, 2004 for four hours to meet with his wife and
determine the material to be removed from their residence.  The
court further ordered him to be returned to the CCDOC until he
effected the removal of 182 yards of material from the site or,
in the alternative, the removal of all "junk" as defined by
statute, presumably New Hampshire Rev. Stat. Ann. 236:112(1).

On January 14, 2005, the New Hampshire Superior Court
(Carroll County) found Teryek in willful contempt for failing to

3

abide by its previous orders, instructing him to remove ten truckloads of material from his residence each week for five weeks, as defined by RSA 236:112(1).  The court ordered a capias to issue for his arrest and further ordered him incarcerated until forty truckloads of material were removed from the residence and such removal was verified by an executed document from the Wolfeboro Waste Facility.

In February 2005, Teryek filed a petition for a writ of habeas corpus with the New Hampshire Supreme Court.  Although he has failed to provide a copy of the petition or identify the precise issues raised, he has provided a copy of a New Hampshire Supreme Court decision, showing that he asserted violations of his Sixth and Fourteenth Amendment rights when he was denied appointed counsel during the state court civil contempt proceedings and where his incarceration was imminent.  The New Hampshire Supreme Court held that in the context of civil contempt proceedings, the Sixth Amendment right to counsel does not apply and that any right to counsel derives only from the Due Process Clause of the Fourteenth Amendment.  Relying upon <u>Duval v. Duval</u> 114 N.H. 422, 425-26 (1974) (holding that it is within the discretion of the trial court whether to appoint counsel for

an indigent defendant in a civil contempt proceeding), the court
held that appointment of counsel in civil contempt proceedings is
discretionary, and due process does not require the appointment
of counsel in every instance where the possibility of
incarceration exists.  Duval v. Duval 114 N.H. 422, 425-26, 322
A.2d, 1, 3-4 (1974).  The New Hampshire Supreme Court denied the
appeal, reasoning that Teryek's failure to provide a transcript
rendered the record insufficient to "determine whether the trial
court unsustainably exercised its discretion when it did not
appoint counsel for [him]."

Teryek now brings the instant petition for federal habeas
corpus relief, challenging his confinement on five grounds, as
discussed more fully below.

### Standard of Review

In reviewing a *pro se* petition, this court must construe the
pleadings liberally, see Ayala Serrano v. Gonzalez, 909 F.2d 8,
15 (1st Cir. 1990)(following Estelle v. Gamble, 429 U.S. 97, 106
(1976)), treating all well-pleaded factual allegations as true
and drawing all reasonable inferences in the litigant's favor,
see Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(explaining
that all "well-pleaded factual averments," not bald assertions,

must be accepted as true).  This review ensures that *pro se*
pleadings are given fair and meaningful consideration.  <u>See</u>
<u>Eveland v. Director of CIA</u>, 843 F.2d 46, 49 (1st Cir. 1988).

**Discussion**

I.  <u>Custody and Exhaustion</u>

        To be eligible for habeas relief, a petitioner must show
that he is in custody and has exhausted all state court remedies
(or that he falls within a narrow category of cases in which
exhaustion is not required, such as the absence of an available
or effective state corrective process).  <u>See</u> 28 U.S.C. § 2254 (a)
& (b).  Teryek satisfies the custody requirement as he is
currently incarcerated for civil contempt at the CCDOC, <u>see</u>
<u>Duncan v. Walker</u>, 533 U.S. 167, 176 (2001) (noting that federal
habeas review may be available to challenge the legality of a
state court order of civil contempt) and <u>Fernos-Lopez v. Lopez</u>,
929 F.2d 20, 23 (1st Cir. 1991)(person incarcerated for civil
contempt is in custody for purposes of invoking habeas
jurisdiction), but he has failed to satisfy the exhaustion
requirement.

        "Barring certain exceptional circumstances not present here,
a habeas petitioner in state custody may not advance his or her

constitutional claims in a federal forum unless and until the substance of those claims has been fairly presented to the state's highest court." Barresi v. Maloney, 296 F.3d 48, 51 (1st Cir. 2002). The exhaustion requirement, codified at 28 U.S.C. §§ 2254 (b) & (c), embodies principles of federal-state comity and is designed to provide state courts with an initial opportunity to pass upon and correct alleged violations of a prisoner's federal rights. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must . . . [invoke] one complete round of the State's established appellate review process."); accord Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-76 (1971).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (holding that a state prisoner does not "fairly present" a

federal claim to a state court if that court must read beyond a petition, brief or similar document that does not alert it to the presence of a federal claim).  Thus, if Teryek has failed to adequately present his federal constitutional claims to the New Hampshire Supreme Court, he is precluded from seeking relief in federal court.

II.  Habeas Corpus Claims

Teryek raises five grounds for federal habeas corpus relief. For the reasons stated below, he is ordered to amend Grounds One, Four and Five of the petition.  Grounds Two and Three are not cognizable under federal habeas review.

A.  Ground One

Construed liberally, Ground One alleges that Teryek's due process rights were violated when he was denied appointed counsel during civil contempt proceedings where he faced the possibility of incarceration and subsequently was incarcerated.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 26-27 (1981)(drawing a "presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his liberty."); see also Colson v. Joyce, 646 F. Supp. 102, 105-06 (D. Me. 1986) (finding contemnor has right to counsel in civil

contempt proceedings where incarceration can be imposed).  In his appeal to the New Hampshire Supreme Court, Teryek alleged that his due process rights were violated when the superior court denied him appointed counsel during contempt proceedings. Because the record is silent as to whether he was indigent when he requested appointed counsel, Teryek is ordered to amend his petition to demonstrate his indigence during the relevant time period in his state court proceedings.  See Walker v. McLain, 768 F.2d 1181, 1185 (10th Cir. 1985)(due process requires, at a minimum, that an indigent defendant threatened with incarceration for civil contempt, who can establish indigence under the normal standards for appointment of counsel in a criminal case, be appointed counsel to assist him in his defense).  To make this showing, he should provide this Court with any relevant state court pleadings or documents reflecting his indigent status.

B.   Grounds Two and Three

In Ground Two of the petition, Teryek challenges New Hampshire Rev. Stat. Ann § 236:112(1) as vague and unconstitutional and broadly alleges that he was denied due process and equal protection during the state court proceedings. He does not assert any violation of federal law or the United

9

States Constitution.  Where, as here, a petitioner challenges a state statute, without clearly indicating that he was denied any right approaching constitutional dimension, the claim is governed by state law and is not cognizable under federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67 (1991)(quoting Pulley v. Harris, 465 U.S. 37, 41 (1984) ("federal habeas corpus relief does not lie for errors of state law").  He further alleges that a state district court incorrectly found that he "admitted to operating an illegal junkyard."  Because this claim arises under state law, it is not independently cognizable in a federal habeas corpus petition.  See Estelle, 502 U.S. at 67 (errors of state law are not cognizable in a petition for habeas corpus unless they result in the violation of a constitutional or federal right); accord Burt v. Uchtman, 422 F.3d 557, 567 (7th Cir. 2005).  To the extent Teryek is unable to state a claim of federal constitutional dimension, he should withdraw this claim. Ground Three alleges that the superior court denied Teryek due process when it ordered him to remove junk from his property without defining "junk" or giving him an opportunity to explain his inability to comply with the court order.  Because this claim also arises under state law, it is not reviewable in a federal

10

habeas proceedings and therefore should be withdrawn.  <u>See</u> <u>id</u>.

    C.  <u>Grounds Four and Five</u>

    Ground Four asserts that Teryek presently is unable to comply with the state court contempt order, requiring him to remove certain material from his property, because compliance is impossible while he is incarcerated.  <u>See</u> <u>Duncan</u>, 533 U.S. at 176 (noting that federal habeas corpus review may be available to challenge the legality of a state court order of civil contempt).  <u>See</u> <u>also</u> <u>English v. Bowles</u>, No. 3:03-CV-0786-K, WL 22427072, at *1 (N. D. Tex. Oct. 22, 2003)(citing <u>United</u> <u>States v. Rylander</u>, 460 U.S. 752, 757 (1983)("A contemnor may purge himself of a contempt order, and obtain release from jail at any time, by complying with the contempt order or by adducing evidence of his present inability to comply with the contempt order.").  Ground Five alleges that each time Teryek attempted to comply with the contempt order and removed material from his property, the court subsequently increased the amount of material to be removed from the site and that the continual increases rendered his compliance impossible.  <u>Id.</u>

    While Teryek asserts that the above claims were presented to and reviewed by the state courts, he has failed to provide a copy

of his notice of appeal to the New Hampshire Supreme Court, or any related supporting documentation, demonstrating that each claim and the federal nature of each claim was actually presented to that court.  Accordingly, I conclude that the above two claims are unexhausted for purposes of federal habeas review.  To demonstrate exhaustion, he must provide the court with copies of any motions, petitions, notices of appeal, briefs and orders and/or final judgments issued by the state courts, in particular his notice of appeal to the New Hampshire Supreme Court, addressing each claim presented in his federal petition.  See Smith v. Digmon, 434 U.S. 332, 333 (1978) (discussing documents which would enable a federal court to determine whether the grounds supporting the habeas petition had been presented for review in the state courts).  He may need to return to the state courts to fully present any unexhausted claims and the federal nature of those claims before he can make the required amendment to his federal petition.

III. Stay

       The Supreme Court has recently decided that a district court should stay a mixed petition containing both exhausted and unexhausted claims if the petitioner "has good cause for his

failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [he] engaged in intentionally dilatory litigation tactics.  Rhines v. Weber, 125 S. Ct. 1528, 1535 (2005) (permitting a federal district court to stay a federal habeas action and hold the petition in abeyance while the petitioner exhausts claims in state court); see also Duncan, 533 U.S. at 182–83 (district court may retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies). Staying unexhausted claims is "the preferable course in many cases involving 'mixed' petitions – and it may be the only appropriate course in cases in which an outright dismissal threatens to imperil the timeliness of a collateral attack." Neverson v. Bissonnette, 261 F.3d 120, 126 n.3 (1st Cir. 2001); see also Delaney v. Matesanz, 264 F.3d 7, 15 n.5 (1st Cir. 2001) (recommending staying exhausted claims where "there is a realistic danger that a second petition, filed after exhaustion has occurred, will be untimely").

If Teryek has not engaged in any state court litigation challenging his incarceration since the New Hampshire Supreme Court denied his appeal on July 27, 2005, the dismissal of this

petition may well imperil the timeliness of Ground One, which
appears to be exhausted if he can establish indigence.  Liberally
construing the petition, I find that while Teryek has not at this
time made a specific showing of good cause for his failure to
exhaust each claim, he has demonstrated a substantial effort to
exhaust Ground One in state court and, as a *pro se* litigant, may
not have realized the necessity of raising each ground presented
here in the state courts within the limitations period.  <u>See</u>
<u>Rhines</u>, 125 S. Ct. at 1536 (Stevens, J., concurring) (the "good
cause" requirement should not be read "to impose the sort of
strict and inflexible requirement that would trap the unwary *pro
se* prisoner." (internal citation omitted)); <u>see</u> <u>also</u> <u>id.</u> (Souter,
J., concurring) (*pro se* habeas petitioners do not come well
trained to address tricky exhaustion determinations).  It may
also be the case that he has raised some or all of his claims in
state court pleadings that have not yet been brought to the
attention of this Court.

Further, I cannot conclude at this stage of the proceedings
that Ground Four and Five, if true, could not present meritorious
challenges to Teryek's incarceration.  I further find that there
is nothing before this Court to indicate that he "engaged in

14

intentionally dilatory litigation tactics" either in pursuing his claims in the state courts or in this Court.  <u>Rhines</u>, 125 S. Ct. at 1535.  Under these circumstances, the proper course of action is to stay this petition pending the exhaustion of all claims and compliance with this order.

### Conclusion

For reasons stated above, I will allow Teryek an opportunity to amend his petition to demonstrate the indigency requirement with regard to Ground One and to demonstrate exhaustion and the federal nature of the claims in Grounds Four and Five.  To make this showing, he is instructed to provide the court with a copy of his notice(s) of appeal to the New Hampshire Supreme Court and any other relevant state court pleadings, orders or decisions within thirty (30) days.  If Ground Four and Five have not been exhausted he is ordered to notify the court either (1) that he is withdrawing those claims or (2) that he is proceeding in state court to exhaust them.

In the event he chooses to exhaust in state court, he must commence the state court proceedings within thirty (30) days of the date of this order.  I will order the proceedings stayed and the petition (document no. 1) held in abeyance, pending complete

exhaustion of state remedies.  The stay will be issued under the following two conditions:

> 1.  Teryek is ordered to contact this court every 90 days, beginning from the date of entry of this order, and inform the court of the status and pendency of his state court proceedings, if any, and the disposition of any appeal or related matter.
>
> 2.  Within 30 days following any ruling and/or notification by the New Hampshire Supreme Court on the claims at issue, and the exhaustion of such claims, Teryek must notify this court of the ruling and submit all briefs or other pleadings filed in the state court proceedings; he must also file a request with this Court, stating that his state court matter has been disposed of and that he wishes to terminate the stay and have this court further consider his petition.

Failure to comply with either condition may result in dismissal of the petition without prejudice.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: December 20, 2005

cc:  Charles Teryek, *pro se*